UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JEFFREY L. CROOK,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| vs. ] | **Civil Action No. 05-VEH-1054-S** |
| ] | |
| **MERCK & CO., INC., et al.,** ] | |
| ] | |
| **Defendants.** ] | |

**Memorandum Opinion**

Presently before the Court are Plaintiff's Emergency Motions to Remand and for Expedited Hearing (Doc. #12) and Motion for Hearing (Doc. #26) and Defendants' Motion to Stay (Doc. 8). Upon due consideration, and for the reasons that follow, Plaintiff's Motion to Remand will be **GRANTED** (Doc. #12), Plaintiff's Motion for Expedited Hearing (Doc. #12) will be **DENIED**, Plaintiff's Motion for Hearing (Doc. #26) will be **DENIED**, and Defendants' Motion to Stay (Doc. 8) will be **DENIED**.

On April 18, 2005, the Plaintiff, Jeffrey L. Crook, filed his Complaint against the Defendants in the Circuit Court of Jefferson County, Alabama. Defendant Merck & Company, Inc. ("Merck") removed the action to this Court on May 20, 2005. Only Merck, and not all of the Defendants, joined in the removal, despite the requirements of 28 U.S.C. 1441(b). Merck asserts that because the individual Defendants were

fraudulently joined, their consent to the removal was not necessary.  Merck also asserts that this court has original jurisdiction over this case under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties.  28 U.S.C. § 1332 does confer jurisdiction on the Federal District Courts in cases between citizens of different states when the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The Plaintiff does not dispute that the jurisdictional amount is met. The court will therefore turn to the question of diversity. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).  For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  In reviewing a Motion to Remand, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.  *Friedman v. New York Life Ins. Co.,* --- F.3d ----, 2005 WL 1324593 (11th Cir. 2005); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th

Cir.2001).

The Plaintiff argues that the case should be remanded because Robert Wall, Gary Harlan, Angela Finch, Matthew King, Patricia Aiken, and Sonya Coley ("individual Defendants") did not join in the removal and because complete diversity does not exist. Plaintiff asserts that the inclusion of the individual Defendants in the originally filed complaint destroyed complete diversity. Plaintiff and each of the individual Defendants are citizens of Alabama. As noted above, Merck asserts that the individual Defendants were fraudulently joined to avoid diversity.

"A party fraudulently joined to defeat removal need not join in a removal petition, and is disregarded in determining diversity of citizenship." *Polyplastics, Inc. v. Transconex, Inc.,* 713 F.2d 875, 877 (C.A.Puerto Rico,1983) (citing 1A J. Moore, Moore's Federal Practice ¶¶ 0.161 [1.-1] at nn. 23 & 25, 0.161[2], 0.168[3.-2-2]). The determination of the issue of fraudulent joinder will thus determine whether the joinder of the individual Defendants in the removal was necessary.

*Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553 (11th Cir. 1989) sets forth the test to be applied when it is alleged that a non-diverse party is fraudulently joined.

> The test for determining whether or not a defendant has been fraudulently joined is twofold: (1) look to see whether there is no possibility the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts in order to

3

bring the resident defendant into state court.

*Cabalceta*, 883 F.2d at 1561.

This is indeed a difficult burden for the removing party to meet. The height of the bar is raised further by the fact that "[i]n addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." *Id.* at 1561.

Defendant does not contend that the Plaintiff fraudulently pled jurisdictional facts in his complaint but instead relies on the first prong of the test described in *Cabalceta*. Therefore, the question presented to this court is whether the Defendant has carried the burden of proving that "there is no possibility the plaintiff can establish any cause of action against the resident defendant[?]"  "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997). "For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant." *Crowe,* 113 F.3d at 1541.

The Eleventh Circuit has gone as far as to require that "[d]oubts as to whether

removal of an action is permissible should be resolved against removal." *Key Bank U.S.A., N.A. v. First Union Nat'l Bank of Florida*, 234 B.R. 827, 829 (M.D. Fla. 1999) (citing *Roe v. O'Donohue*, 38 F.3d 298, 303 (7th Cir. 1994)).

In Count VI, the Plaintiff asserts a claim for Fraud-Misrepresentation against the individual (Alabama-resident) Defendants. Under Alabama law, "[t]he elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Ex parte Michelin N. Am., Inc.*, 795 So. 2d 674, 678-79, (Ala. 2001).

In Count VI the Plaintiff alleges:

1. that Defendants "fraudulently made material misrepresentations that Vioxx . . . was safe and effective. Defendants represented Vioxx as safe so that the general consuming public, including Plaintiff, would rely upon said representations when purchasing said product;" *Complaint*, at 21.

2. that these representations were made so that Plaintiff and the general public would rely on these representations and take the drug; *Id.*

3. that "[individual] Defendants made representations to Plaintiff's prescribing physician that Vioxx was safe and effective, and did not cause cardiovascular risks. [That] these representations were false, and were made intentionally

5

and/or recklessly, but with knowledge of their falsity. The prescribing physician relied upon these representations and prescribed Vioxx to the Plaintiff, proximately resulting in [injury]." *Id.*

At least with regard to Count VI, Plaintiff has not asserted "obviously fraudulent or frivolous claims" against the individual Defendants and thus their joinder is not fraudulent. The court is of the opinion that it does not have diversity jurisdiction.

As to the issue of whether this Court should defer to the transferee Court to decide the remand issue, the court is persuaded by the logic of *Morales v. American Home Products Corp.*, 214 F. Supp. 2d 723 (S.D. Texas 2002), where the Eastern District Court wrote:

> It is abundantly clear that a conditional transfer order by the MDL panel does not affect or suspend any pretrial proceedings in this Court. This Court has sometimes deferred to the MDL court when presented with an issue likely to be common among all other cases throughout the nation. Here, however, the key question is whether Defendant Circle K has been fraudulently joined. This issue is controlled by the law of the Fifth Circuit Court of Appeals and ultimately the laws of Texas, as applied to the pleadings in this case. There is no reason to ask a federal court in Washington to make that decision.

*Morales v. American Home Products Corp.*, 214 F.Supp.2d 723, 725 (S.D.Tex.,2002). Similarly, the key issue being decided by this Court is whether the individual Defendants have been fraudulently joined. This is a question of Eleventh

Circuit and Alabama law, best decided by a federal Court sitting in Alabama.

This case will be **REMANDED** to the Circuit Court of Jefferson County, Alabama. A separate order will be entered.

**DONE** this 21st day of July, 2005.

_____
 **VIRGINIA EMERSON HOPKINS**
 United States District Judge